IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| RALPH EDWARD BIGHAMES, )<br>)<br>    Plaintiff, )<br>)<br>v. )<br>)<br>WILLIAM SEGREST, *et al*, )<br>)<br>    Defendants. ) | CIVIL ACTION NO. 2:03CV991-F |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

The plaintiff began serving in 1983 a term of life imprisonment for multiple felony convictions for rape and robbery. His first parole hearing was conducted in 1998, and the Alabama Board of Pardons and Paroles ("Board") denied Bighames parole. His next parole consideration hearing was then scheduled for 2000; however, Bighames' second parole hearing did not take place until 2001. The Board again denied him parole and set his next parole hearing for 2006.

Bighames complains in this 42 U.S.C. § 1983 action that the actions of the Board and the other defendants violated his constitutional rights. In response to the complaint, the defendants filed an answer and a special report as ordered by the court. Previously, the court informed the plaintiff that the defendants' special report may, at any time, be treated as a motion for summary judgment, and the court explained to the plaintiff the proper manner in which to respond to a motion for summary judgment. Bighams has now filed his response, and this case is now before the court for consideration of the defendants' motion for summary judgment. For the reasons which follow, the court concludes that the defendants' motion for summary

judgment is due to be granted.

## The Original Parole Hearing Date

Bighames complains that the date of his original parole hearing was unlawful because it was more than 15 years after his conviction. The court pretermits consideration of whether this is a claim that the defendants violated Bighames constitutional rights or merely a claim of a violation of state law. Under any circumstances, any federal claim is precluded by the applicable statute of limitations and, consistent with 18 U.S.C. § 1367(c), the court declines to address the state law claim.

The statute of limitation for § 1983 actions brought in the State of Alabama is two years. *Owens v. Okure*, 488 U.S. 235, 249-250 (1989); *Lufkin v. McCallum*, 956 F.2d 1104, 1105 (11th Cir. 1992); ALA. CODE § 6-2-38(1). That portion of the tolling provision which had previously applied to convicted prisoners was rescinded by the Alabama legislature on May 17, 1996. *See* ALA. CODE § 6-2-8(a) (1975, as amended). The actions of the defendants related to his initial parole hearing about which Bighames complains took place in 1998. For purposes of analysis, the court will assume that this is the earliest date on which Bighames knew the actions of the defendants were contrary to his alleged right to a parole hearing at a particular time. This lawsuit was filed in 2003, more than two years after 1998. Accordingly, Bighames's claims about the timing of his initial parole hearing are barred by the statute of limitations, and the defendants' motion for summary judgment on those claims is due to be granted.

## The 2006 Parole Hearing Date

Bighames also complains that after the 2001 parole hearing, the Board violated his constitutional rights secured by the Ex Post Facto Clause by setting off his next parole hearing to 2006 when the previous rule applicable to him at the time of his conviction required hearings more frequently.  Bighames relies on *Jones v. Garner*, 164 F.3d 589 (11th Cir. 1999) in support of this contention.  However, the United States Supreme Court subsequently reversed that Eleventh Circuit decision in *Garner v. Jones*, 529 U.S. 244 (2000), concluding that the correct, controlling inquiry on such a claim is whether the application of the new statute or rule creates a sufficient risk of increasing the measure of punishment attached to the covered crimes.  In other words, not every retroactive procedural change in the parole process is prohibited;  rather, the prisoner must show that the regulation, "'as applied to his sentence,' 'created a significant risk of increasing his punishment.'" *Harris v. Hammonds*, 217 F.3d 1346, 1350 (11th Cir. 2000) (per curiam).

Bighames fails to make this showing.  The crimes for which he was convicted are violent felonies for which he is serving a life sentence.  The Board has denied him parole twice, and Bighames presents nothing to the court to show that the Board might release him from prison were it to consider him at a time earlier than 2006.  At best, his claims are purely speculative and no different from the type claims the Supreme Court rejected in *Garner v. Jones*.  Consequently, the defendants' motion for summary judgment is due to be granted on this claim.

## Conclusion

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the defendants' motion for summary judgment be granted and that this case be dismissed with prejudice.  It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation on or before July 6, 2005.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation objected to.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 23rd day of June, 2005.

           /s/Charles S. Coody
           CHARLES S. COODY
           CHIEF UNITED STATES MAGISTRATE JUDGE